IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Shango Damballah, #137525, | ) | C.A. No. 2:08-3674-HMH-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| SCDC; Jon E. Ozmint, Director; | ) | |
| George T. Hagan, Warden of ACI; | ) | |
| Lt. Verlese Black, ACI Property Control; | ) | |
| Lt. George Jenkins, ACI Contraband | ) | |
| Control; sued for damages and declaratory | ) | |
| and injunctive relief, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Shango Damballah's ("Damballah") appeal of United States Magistrate Judge Robert S. Carr's November 20, 2008, order denying Damaballah's motion to remand and motion to amend the complaint.

Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). By his own admission, Damballah's motion to amend is for the sole purpose of avoiding federal jurisdiction. Therefore, his motion is made in bad faith. See

1

Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004) (affirming the district court's grant of remand on the basis that the plaintiff had acted in good faith because "[w]hile [the plaintiff] clearly wanted to avoid federal court, she also had substantive reasons for amending her pleadings"). Damballah's original complaint clearly states federal claims.

Further, as the magistrate judge noted, this case was properly removed from state court because federal subject matter jurisdiction clearly exists on the face of the complaint. Damballah alleges violations of the Fourth, Eighth, and Fourteenth Amendments of the Constitution. Therefore, the magistrate judge properly denied Damballah's motion to remand. For the foregoing reasons, the magistrate judge's order is affirmed.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
February 12, 2009

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.