IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shango Damballah, #137525,      )      C. A. No. 2:08-3674-HMH-RSC
                                )
             Plaintiff,         )
                                )
          -versus-             )      **REPORT AND RECOMMENDATION**
                                )
SCDC; Jon E. Ozmint, Director;)
George T. Hagan, Warden of      )
ACI; Lt. Verlese Black, ACI     )
Property Control; Lt. George   )
Jenkins, ACI Contraband         )
Control; sued for damages and )
declaratory and injunctive      )
relief,                         )
                                )
             Defendants.       )

The plaintiff prisoner in this civil rights action has moved
for a voluntary dismissal, without prejudice, pursuant to Rule 41
of the Federal Rules of Civil Procedure.  The defendants assert
that the motion is untimely, that they have already filed an
answer and that they do not stipulate to a dismissal without
prejudice.  However they allow that they would consent to
dismissal with prejudice.  The defendants have also moved to stay
the discovery herein pending resolution of the plaintiff's
motion, and the plaintiff opposes that stay.

Rule 41 of the Federal Rules of Civil Procedure as relevant
here provides:

> Rule 41. Dismissal of Actions
> (a) Voluntary Dismissal.
> (1) By the Plaintiff.

(A) *Without a Court Order.* Subject to <u>Rules 23(e)</u>, <u>23.1(c)</u>, <u>23.2</u> and <u>66</u> and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) By Court Order; Effect.

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

As the defendants note a voluntary dismissal is "designed to permit disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." <u>Armstrong v. Frostier Co.</u>, 453 f.2d 914, 916 (4th Cir. 1971).

To be sure the defendants here have expended some time and effort in the preparation of their case, but that time and effort pales in comparison to the time and effort required to complete

this action through discovery, summary judgment and perhaps

trial.  Accordingly granting the motion to dismiss appears

appropriate, but only on terms that the court considers proper

under Rule 41(2), Federal Rules of Civil Procedure.

In this instance it appears proper to grant the plaintiff's

motion, and it is recommended that the action be dismissed.

However it is also recommended that as a condition of this

dismissal, the plaintiff be barred from bringing this action a

second time unless he first reimburses the defendants for the

cost of removing this action to this court and the cost of

preparing an answer.  If either party objects to this

recommendation, the party may file exceptions with the district

court as explained in the attached notice.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 30, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).